UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6003-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MITCHELL STEIN,

        Defendant.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

The United States of America responds to defendant's motion for downward departure, and in support thereof, states that the five factors suggested by the defendant, either individually or in combination with each other cannot support a downward departure from the applicable guideline range. In support of its position, the government states as follows:

    **A.**    **The Payment of Past Due Tax Liability to Be Rewarded with a Downward Departure.**



The defendant contends that he should be rewarded with a downward departure because he paid his past due tax during the investigative phase of this case. Clearly, the payment of restitution or other amounts due and owing the government do not entitle a defendant to a downward departure. In fact, the sentencing guidelines specifically addresses the "voluntary payment of restitution prior to adjudication of guilt" in §3E1.1, finding such conduct an appropriate consideration in determining acceptance of responsibility. In this case, the defendant was rewarded with a two point reduction in his offense level and to consider his acceptance again a part of a 5K2.0 departure would be double counting. See <u>United States v. O'Kane,</u> 155 F.3d 969 (8th Cir. 1998).

B. **<u>The Defendant's Family Circumstances are not Extraordinary.</u>**

The defendant contends that a downward departure is warranted because his wife was diagnosed with cancer 5 years ago. According to her physician, Mrs. Stein has undergone several operations and received chemotherapy. She now has a "persistent vaginal precancerous lesion" and has been referred for "intra cavity radiation brachytherapy". Quite naturally, the defendant maintains that his wife is very concerned about his future incarceration. Although Mrs. Stein's situation is unfortunate, it is not an "extraordinary circumstance" which would support a departure.

The Sentencing Commission has fully considered family circumstances and

concluded that they will not ordinarily support a downward departure. See U.S.S.G. § 5H1.6. Thus, district courts may depart on such grounds only in "extraordinary" cases. See United States v. Mogel, 956 F.2d 1555 (11th Cir.), cert. denied, 506 U.S. 857 (1992). The Eleventh Circuit and other appellate courts have been reluctant to sanction such downward departures based upon family circumstances. See e.g., Mogel, 956 F.2d at 1565 (holding downward departure not appropriate where defendant had "two minor children to support, and a mother that lives with [her]"); United States v. Cacho, 951 F.2d 308, 311 (11th Cir.1992) (holding downward departure not warranted where defendant had four small children). Accord, United States v. Scroggins 992 F.2d 164, (8th Cir. 1993); United States v. Brand, 907 F.2d 31, 33 (4th Cir.), cert. denied, 498 U.S. 1014 (1990); United States v. Goff, 907 F.2d 1441, 1446 (4th Cir.1990); United States v. Brewer, 899 F.2d 503, 508-09 (6th Cir.), cert. denied, 498 U.S. 844 (1990).

In United States v. Allen, 87 F.3d 1224 (11th Cir. 1996), the Eleventh Circuit Court of Appeals vacated a district court's sentencing judgment which had granted a downward departure based on family circumstances. In that case, the defendant was the primary caretaker of her seventy (70) year old father, who suffered from both Alzheimer's and Parkinson's diseases. Nevertheless, the Court found that the defendant's family responsibilities, "though difficult, [were] not extraordinary." Id. at

3

1225. Accordingly, the Court found that a downward departure of five (5) offense levels was an abuse of discretion. In vacating the sentence and remanding the case for resentencing, the Court stated:

> Relying on United States v. Rivera, 994 F.2d 942, 950 (1st Cir.1993), Allen argues that we should defer to the district court's judgment as to whether her family responsibilities are extraordinary. We disagree. While Rivera admonishes appellate courts to review departure decisions with due regard for the district court's "superior feel for the case," it does not require that lower courts be given free reign to decide the propriety of departing in given cases; such unfettered discretion would lead to return of the sentencing disparity that prompted Congress to adopt the Guidelines in the first place."

Id. at 1226.

Finally, it should be noted that Stein has an adult son living with him and his wife who could assist Mrs. Stein while her husband is incarcerated. See Allen, 87 F.3d at 1226, n.2. Thus, the defendant "has shown nothing more than that which innumerable defendants could no doubt establish: namely, that the imposition of prison sentences normally disrupts [familial] relationships." Cacho, 951 F.2d at 311 (quoting United States v. Daly, 883 F.2d 313, 319 (4th Cir.1989), cert. denied, 496 U.S. 927(1990)).

**C   The Defendant's Mental and Physical Condition Does not Warrant a Downward Sentencing Departure:**

The defendant claims that a downward departure under Section 5K2.0 is appropriate, due to the fact that he suffers from both mental and physical health

4

problems. The defendant contends that he had surgery on his back 8 years ago and suffers from problems related to that surgery. He argues that he *may* need additional surgery in the future. However, as discussed below, the guidelines clearly state that physical condition is not ordinarily relevant in determining whether a sentence should be outside the guidelines range. See U.S.S.G. §§5H1.1 and 5H1.4. In this case, there is simply no reason why the defendant's medical condition cannot be adequately monitored and treated, if necessary, while he is incarcerated.

Although, it is legally possible for a defendant with a multitude of health problems to qualify for a downward departure, the courts have noted that such downward departures are rare. See, United States v. Johnson, 71 F.3d 539 (6th Cir. 1995)(citing United States v. Martinez-Guerrero, 987 F.2d 618 (9th Cir.1993) (denying downward departure to a defendant who was legally blind); United States v. Guajardo, 950 F.2d 203 (5th Cir.1991) (denying downward departure to a 55 year old defendant who had cancer, high blood pressure, a fused right ankle, an amputated leg, and drug dependency), cert. denied, 503 U.S. 1009(1992)). See also, United States v. McKinney, 53 F.3d at 677-78 (downward departure was not warranted for 52 year old defendant who had heart problems, high blood pressure and responsibility for caring for her elderly mother).

In this case, there is nothing extraordinary about the defendant's physical

5

condition which would warrant a downward departure. Section 5H1.4 of the Sentencing Guidelines restricts departures based on physical condition to those defendants with an "extraordinary physical impairment," such as those which render a defendant "seriously infirm." See United States v. Altman, 48 F.3d 96, 104 (2nd Cir. 1995). In order to grant a downward departure, the court must make particularized findings, for example, that the defendant needs constant medical care, or that the care he does need will not be available to him should he be incarcerated. See United States v. Sherman, 53 F.3d 782, 787 (7th Cir. 1995). See also, United States v. Carey, 895 F.2d 318, 324 (7th Cir. 1989) (court's belief that a 62 year old man suffering from a brain tumor was entitled to a departure was not a sufficient finding to support a departure for "extraordinary physical impairment"); United States v. Streat, 22 F.3d 109, 112-13 (6th Cir. 1994) (sentence vacated and remanded to make particularized findings of whether AIDS is an extraordinary impairment); United States v. Goff, 6 F.3d 363, 366 (6th Cir. 1993) (a wheelchair bound quadriplegic is not entitled to the departure); United States v. Slater, 971 F.2d 626, 634-35 (10th Cir. 1992) (finding that borderline mental retardation, chronic major depressive disorder, scoliosis and disabling back pain are not adequate grounds without particularized findings).

Here, the defendant's medical condition is not extraordinary. He does not contend that he requires consistent and constant medical treatment, The Bureau of

6

Prisons has special medical facilities which can easily monitor, and treat if necessary, inmates with health problems similar to the defendant. Accordingly, no downward departure is necessary based upon the defendant's physical condition.

Likewise, the defendant is not entitled to a reduction of the guideline range based on reduced mental capacity. As the district court noted in United States v. Holden, 61 F.3d 858 (11th Cir. 1995), a departure for diminished capacity may be considered if;

> ...the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary uses of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense.

In the case, as in Holden, there is no allegation, much less proof, that the defendant's diminished capacity contributed to his offense. Thus, the defentant's mental condition cannot be used to support a downward departure in this case.

### D.  No Combination of Factors Supports the Granting of a Downward Departure.

As noted above, each of the factors which the defendant cites as a basis for departure is already taken into account in the guidelines. The combination of these factors does not create an "extraordinary" case outside the "heartland." Therefor, the

7

government urges this court to deny defendant's motion for downward departure.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
LYNN D. ROSENTHAL
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 343226
500 East Broward Blvd
Suite 700
Fort Lauderdale, Florida 33394

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 30th day of March, 2000 to Gary Kollin, 8211 W. Broward Blvd., Suite 420, Fort Lauderdale, Florida 33324 and Georgeann Stanley, USPO, 299 East Broward Blvd., Fort Lauderdale 33301

By: _____
LYNN D. ROSENTHAL
ASSISTANT UNITED STATES ATTORNEY