

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

November 21, 2002

RE: 02-11046-BB     USA v. Mitchell Stein
DC DKT NO.: 00-06003 CR-WPD

TO:   Clarence Maddox

CC:   Robert N. Berube

CC:   Kathleen M. Williams

CC:   Lynn D. Rosenthal

CC:   Phillip DiRosa

CC:   Anne R. Schultz

CC:   Jonathan D. Colan

CC:   Administrative File



# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

November 21, 2002

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301



RE: 02-11046-BB    USA v. Mitchell Stein
DC DKT NO.: 00-06003 CR-WPD

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
   Original Exhibits, consisting of: one psi
   Original record on appeal or review, consisting of: two volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (8-2002)

# United States Court of Appeals
For the Eleventh Circuit

No. 02-11046

District Court Docket No.
00-06003-CR-WPD

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Oct 23, 2002

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

MITCHELL STEIN,

    Defendant-Appellant.



Appeal from the United States District Court
for the Southern District of Florida

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered:   October 23, 2002
For the Court:   Thomas K. Kahn, Clerk
By:   Meoli, Anthony



**[DO NOT PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

No. 02-11046
Non-Argument Calendar

---



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 23 2002
THOMAS K. KAHN
CLERK

FILED by ____ D.C.
NOV 25 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
OF FLA. FT. LAUD.

D. C. Docket No. 00-06003-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MITCHELL STEIN,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Florida

---

(October 23, 2002)

Before EDMONDSON, Chief Judge, BARKETT and WILSON, Circuit Judges.

**PER CURIAM:**

Defendant-Appellant Mitchell Stein appeals the district court's revocation of his probation and his resulting sentence of nine months' incarceration. Stein contends that, because certain conditions of his probation were improper and the U.S. Probation Office exceeded its authority by modifying the conditions to include requiring him to pay taxes quarterly, rather than annually, the court erred in relying on these conditions in revoking Stein's probation and imposing sentence. We conclude that no reversible error has been shown; we affirm.

Stein was charged by information with failing to file an income tax return for the 1995 calendar year, in violation of 26 U.S.C. § 7203. He pled guilty to this misdemeanor charge and was sentenced to three years' probation. One of the special conditions of probation that the district court imposed included the following:

> [Stein] shall remain current on all tax obligations and work with the Internal Revenue Service to establish all outstanding federal taxes due under the supervision of the U.S. Probation Officer and to the satisfaction of the Internal Revenue Service, in accordance with his ability to pay.

The district court also ordered, as a standard condition of supervision, that "[Stein] shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer." Stein did not appeal the judgment or the conditions of his probation.

After sentencing, Stein's probation officer informed him that he was to file and pay his taxes quarterly. The probation officer also subsequently petitioned the district court to revoke Stein's probation. The petition included that Stein violated the conditions of his probation by (1) failing to remain current on his tax obligations, (2) failing to work with the Internal Revenue Service ("IRS") to establish the amount of taxes that he owed, and (3) falsely stating that he had mailed IRS Form 1040-ES and a $200 check to

3

the IRS. The district court conducted a revocation hearing, at which Stein only contested whether he made false statements to the IRS. The district court found that Stein had committed all of the alleged probation violations; revoked Stein's probation, pursuant to 18 U.S.C. § 3565; and imposed a sentence of nine months' imprisonment.

Stein first argues that, because Fed.R.Crim.P. 32(c)(1) requires that a sentencing court make factual determinations at sentencing, the district court improperly delegated its fact-finding role to the U.S. Probation Office and the IRS when it originally sentenced him. Stein specifically contends that the court improperly ordered that the IRS and the U.S. Probation Office, and not the court, "establish all outstanding federal taxes due." He also contends that the condition that he "work with" the IRS was void for vagueness because it contained no objective criteria for determining if he satisfied it.

But we will not consider challenges to the validity of a sentence that are raised for the first time in a revocation hearing. United States v. Almand, 992 F.2d 316, 317-18 (11th Cir. 1993) (addressing challenges to conditions of supervised release).[1] In Almand, we determined that a defendant could not challenge the validity of a condition of his supervised release at a hearing to revoke his supervised release because "a sentence is presumed invalid unless vacated under 28 U.S.C. § 2255." Id. at 317. In doing so, we extended to challenges to the validity of a sentence the reasoning in United States v. Francischine, 512 F.2d 827, 828 (5th Cir. 1975),[2] that a defendant may not challenge the validity of his underlying conviction at his probation revocation hearing. Id.

---

[1] Revocations of probation and supervised release are analogous and are to be treated similarly. See United States v. Frazier, 26 F.3d 110, 113-14 (11th Cir. 1994).

[2] In Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to 1 October 1981.

Because Stein did not challenge the conditions of his probation at his revocation proceeding, and, nevertheless, would not have been free to do so, we will not consider these challenges in his appeal from the revocation of his probation. See Almand, 992 F.2d at 317-18; see also OSI, Inc. v. United States, 285 F.3d 947, 951 (11th Cir. 2002) (when a legal issue or theory is raised for the first time on appeal, we generally will not consider it).

Stein also argues that the district court erred in revoking his probation based on his probation officer's unenforceable modification of his probation conditions to include the requirement that he file and pay taxes quarterly, rather than yearly. He contends that this quarterly-filing requirement conflicted with the Federal Tax Code, 26 U.S.C. § 6072, and "taint[ed] the government's petition to revoke probation." But this challenge, similar to Stein's challenge to the written terms of his probation, is a challenge to the validity of his sentence. Because he did not, and could not, raise this

challenge at his revocation hearing, we also are foreclosed from considering it on appeal. See <u>Almand</u>, 992 F.2d at 317-18; <u>OSI, Inc.</u>, 285 F.3d at 951.

**AFFIRMED.**

A True Copy - Attest:
Clerk, U.S. Court of Appeals
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia